**TROUTMAN SANDERS LLP**
Dean A. Morehous, Bar No. 111841
dean.morehous@troutmansanders.com
Charanjit Brahma, Bar No. 204771
charanjit.brahma@troutmansanders.com
Marcus T. Hall, Bar No. 206495
marcus.hall@troutmansanders.com
580 California Street, 11th floor
San Francisco, CA  94104
Telephone:    415.477.5700
Facsimile:     415.477.5710

Attorneys for Plaintiff
INTERNATIONAL TEST SOLUTIONS, INC.

**BARNES & THORNBURG LLP**
Thomas J. Donovan (admitted *pro hac vice*)
thomas.donovan@btlaw.com
Roya Rahmanpour, Bar No. 285076
roya.rahmanpour@btlaw.com
2029 Century Park East, Suite 300
Los Angeles, California  90067
Telephone:    310. 284.3880
Facsimile:     310. 284.3894

Attorneys for Defendants
MIPOX INTERNATIONAL CORP.
and MGN INTERNATIONAL, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INTERNATIONAL TEST SOLUTIONS, INC.,<br><br>            Plaintiff,<br><br>v.<br><br>MIPOX INTERNATIONAL CORPORATION and MGN INTERNATIONAL, INC.,<br><br>            Defendant. | Case No.  3:16-cv-00791-RS<br><br>**STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER**<br><br>Action Filed:  February 17, 2016<br><br>Case Management Hearing: May 26, 2016 |

TROUTMAN SANDERS LLP
580 CALIFORNIA STREET, SUITE 1100
SAN FRANCISCO, CA  94104

28567218

STIPULATION AND PROTECTIVE ORDER
CASE NO.  3:16-CV-00791-RS

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.5   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of

1  retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2      2.7    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>:

3  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party

4  would create a substantial risk of serious harm that could not be avoided by less restrictive means.

5      2.8    <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does

6  not include Outside Counsel of Record or any other outside counsel.

7      2.9    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity

8  not named as a Party to this action.

9      2.10    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are

10 retained to represent or advise a party to this action and have appeared in this action on behalf of that party or

11 are affiliated with a law firm which has appeared on behalf of that party.

12     2.11    <u>Outside Foreign Counsel</u>: Hitomi Iwase and Takatoshi Monya of the Japanese law firm of

13 Nishimura & Asahi who have been retained to advise Mipox International Corporation, provided that no

14 CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items be

15 provided to these individuals or employees of their firm unless and until Ms. Iwase and Mr. Monya sign the

16 "Acknowledgment and Agreement to Be Bound" (Exhibit A).

17     2.12    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants,

18 Experts, and Outside Counsel of Record (and their support staffs).

19     2.13    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in

20 this action.

21     2.14    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g.,

22 photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or

23 retrieving data in any form or medium) and their employees and subcontractors.

24     2.15    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as

25 "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

26     2.16    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing

27 Party.

28

3. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including

becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

   5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify for protection – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

   Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be

1  clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard

2  the case development process or to impose unnecessary expenses and burdens on other parties) expose the

3  Designating Party to sanctions.

4  If it comes to a Designating Party's attention that information or items that it designated for

5  protection do not qualify for protection at all or do not qualify for the level of protection initially asserted,

6  that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

7  5.2   Manner and Timing of Designations. Except as otherwise provided in this Order (*see*, *e.g.*,

8  second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery

9  Material that qualifies for protection under this Order must be clearly so designated before the material is

10 disclosed or produced.

11 Designation in conformity with this Order requires:

12 (a) for information in documentary form (e.g., paper or electronic documents, but excluding

13 transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

14 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that

15 contains protected material. If only a portion or portions of the material on a page qualifies for protection, the

16 Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in

17 the margins) and must specify, for each portion, the level of protection being asserted.

18 A Party or Non-Party that makes original documents or materials available for inspection need not

19 designate them for protection until after the inspecting Party has indicated which material it would like

20 copied and produced. During the inspection and before the designation, all of the material made available for

21 inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the

22 inspecting Party has identified the documents it wants copied and produced, the Producing Party must

23 determine which documents, or portions thereof, qualify for protection under this Order. Then, before

24 producing the specified documents, the Producing Party must affix the appropriate legend

25 ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that

26 contains Protected Material. If only a portion or portions of the material on a page qualifies for protection,

27 the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings

28 in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Order. Alternatively, a Designating Party may specify, at the deposition, hearing, or other proceeding, or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication alone are insufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in

1   compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or

2   within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute,

3   whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the

4   movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by

5   the Designating Party to make such a motion including the required declaration within 21 days (or 14 days,

6   if applicable) shall automatically waive the confidentiality designation for each challenged designation. In

7   addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if

8   there is good cause for doing so, including a challenge to the designation of a deposition transcript or any

9   portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent

10  declaration affirming that the movant has complied with the meet and confer requirements imposed by the

11  preceding paragraph.

12       The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

13  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary

14  expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the

15  Designating Party has waived the confidentiality designation by failing to file a motion to retain

16  confidentiality as described above, all parties shall continue to afford the material in question the level of

17  protection to which it is entitled under the Producing Party's designation until the court rules on the

18  challenge.

19  7.    ACCESS TO AND USE OF PROTECTED MATERIAL

20       7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

21  produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or

22  attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of

23  persons and under the conditions described in this Order. When the litigation has been terminated, a

24  Receiving Party must comply with the provisions of Section 14 (FINAL DISPOSITION).

25       Protected Material must be stored and maintained by a Receiving Party at a location and in a secure

26  manner that ensures that access is limited to the persons authorized under this Order.

27       7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the

28  court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or

item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the Receiving Party's Outside Foreign Counsel, as well as employees of said Outside Foreign Counsel's firm to whom it is reasonably necessary to disclose the information for this litigation;

(c) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the Court and its personnel;

(f) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) any mediator or arbitrator who is assigned to hear this matter (as well as their support staff and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(j) any other person with the prior written consent of the Producing Party or by order of this Court, and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the Receiving Party's Outside Foreign Counsel, as well as employees of said Outside Foreign Counsel's firm to whom it is reasonably necessary to disclose the information for this litigation;

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) any mediator or arbitrator who is assigned to hear this matter (as well as their support staff and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(h) any other person with the prior written consent of the Producing Party or by order of this Court, and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

8. <u>PROSECUTION BAR</u>

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall not be involved in the prosecution of patents or patent applications relating to <u>probe card cleaning</u>, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte*

reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is first received by the affected individual and shall end two (2) years after final termination of this action. This Prosecution Bar shall be personal to any attorney who reviews Protected Material designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" and shall not be imputed to any other persons or attorneys at that attorney's law firm or company unless information concerning that Protected Material was communicated to an individual by one who reviewed such Protected Material.

9.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in another proceeding that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other proceeding that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court or other tribunal from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that proceeding of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court or other tribunal.

10. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

11. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or

persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

The inadvertent production of any document or other materials or information that the Producing Party contends is subject to the attorney-client privilege, work-product protection, or any other privilege or protection against discovery shall not be deemed a waiver in whole or in part of the claim of privilege or protection, either as to the specific document or the information disclosed or as to any other document or information relating thereto. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B), except that the Receiving Parties cannot present the inadvertently produced material in dispute to the Court for a determination of the merits of the privilege claim. This provision shall not modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

13. **MISCELLANEOUS**

13.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the

TROUTMAN SANDERS LLP
580 CALIFORNIA STREET, SUITE 1100
SAN FRANCISCO, CA 94104

28567218

- 12 -

STIPULATION AND PROTECTIVE ORDER
CASE NO. 3:16-CV-00791-RS

Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

14.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section 4 (DURATION), each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: June 21, 2016                         TROUTMAN SANDERS LLP


By: */s/ Charanjit Brahma*
    Charanjit Brahma
    Attorneys for Plaintiff
    International Test Solutions, Inc.

TROUTMAN SANDERS LLP
580 CALIFORNIA STREET, SUITE 1100
SAN FRANCISCO, CA 94104

28567218

- 13 -

STIPULATION AND PROTECTIVE ORDER
CASE NO.  3:16-CV-00791-RS

| | | |
|---|---|---|
| 1 | Dated: June 21, 2016 | BARNES & THORNBURG LLP |
| 2 | | |
| 3 | | By: */s/ Roya Rahmanpour* |
| 4 | | Thomas J. Donovan<br>Roya Rahmanpour<br>Attorneys for Defendants |
| 5 | | Mipox International Corporation and MGN International, Inc. |

### CONCURRENCE IN FILING

I, Charanjit Brahma, hereby attest that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: June 21, 2016     */s/ Charanjit Brahma*
                                         Charanjit Brahma

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: 6/21/16     _____
                                 Richard Seeborg
                                 UNITED STATES DISTRICT JUDGE

TROUTMAN SANDERS LLP
580 CALIFORNIA STREET, SUITE 1100
SAN FRANCISCO, CA 94104

28567218

- 14 -

STIPULATION AND PROTECTIVE ORDER
CASE NO. 3:16-CV-00791-RS

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Protective Order that was issued by the United States District Court for the Northern District of California in the case of *International Test Solutions, Inc. v. MIPOX International Corporation and MGN International, Inc.*, No. 16-cv-00791-RS.

I agree to comply with and to be bound by all the terms of the Stipulation and Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulation and Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of the Stipulation and Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of the Stipulation and Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____