1  **TROUTMAN SANDERS LLP**
   Dean A. Morehous, Bar No. 111841
2  dean.morehous@troutmansanders.com
   Charanjit Brahma, Bar No. 204771
3  charanjit.brahma@troutmansanders.com
   Marcus T. Hall, Bar No. 206495
4  marcus.hall@troutmansanders.com
   580 California Street, 11th floor
5  San Francisco, CA  94104
   Telephone:     415.477.5700
6  Facsimile:     415.477.5710

7  Attorneys for Plaintiff
   INTERNATIONAL TEST SOLUTIONS, INC.
8
   **BARNES & THORNBURG LLP**
9  Thomas J. Donovan (admitted *pro hac vice*)
   thomas.donovan@btlaw.com
10 Roya Rahmanpour. Bar No. 285076
   roya.rahmanpour@btlaw.com
11 2029 Century Park East, Suite 300
   Los Angeles, California  90067
12 Telephone:     310. 284.3880
   Facsimile:     310. 284.3894
13
   Attorneys for Defendants
14 MIPOX INTERNATIONAL CORP.
   and MGN INTERNATIONAL, INC.
15

16              **UNITED STATES DISTRICT COURT**

17              **NORTHERN DISTRICT OF CALIFORNIA**

18

19 INTERNATIONAL TEST SOLUTIONS,         Case No.  3:16-cv-00791-RS
   INC.,
20                                        **STIPULATION AND [~~PROPOSED~~] ORDER**
            Plaintiff,                    **RE: DISCOVERY OF ELECTRONICALLY**
21                                        **STORED INFORMATION FOR PATENT**
   v.                                     **LITIGATION**
22
   MIPOX INTERNATIONAL                    Action Filed:  February 17, 2016
23 CORPORATION and MGN
   INTERNATIONAL, INC.,                   Case Management Hearing: May 26, 2016
24
            Defendant.
25

26

27

28

Troutman Sanders LLP
580 California Street, Suite 1100
San Francisco, CA 94104

28567565

STIPULATION AND ORDER RE:
ELECTRONIC DISCOVERY
CASE NO.  3:16-CV-00791-RS

Upon the stipulation of the parties, the Court ORDERS as follows:

1.     This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2.     This Order may be modified in the Court's discretion or by stipulation.

3.     As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

4.     A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5.     The parties are expected to comply with the District's E-Discovery Guidelines ("Guidelines").

6.      General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

7.     Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

8.     Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

9.     Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe as set forth in the Guidelines.

10.     Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional

TROUTMAN SANDERS LLP
580 CALIFORNIA STREET, SUITE 1100
SAN FRANCISCO, CA 94104

28567565

- 1 -

STIPULATION AND ORDER RE:
ELECTRONIC DISCOVERY
CASE NO.  3:16-CV-00791-RS

1  custodians, upon showing a distinct need based on the size, complexity, and issues of this specific

2  case. Cost-shifting may be considered as part of any such request.

3     11.    Each requesting party shall limit its email production requests to a total of five

4  search terms per custodian per party. The parties may jointly agree to modify this limit without the

5  Court's leave.  The Court shall consider contested requests for additional search terms per

6  custodian, upon showing a distinct need based on the size, complexity, and issues of this specific

7  case. The Court encourages the parties to confer on a process to test the efficacy of the search terms.

8  The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the

9  producing company's name or its product name, are inappropriate unless combined with narrowing

10  search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of

11  multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a

12  single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or

13  "system") broadens the search, and thus each word or phrase shall count as a separate search term

14  unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not,"

15  "w/x") is encouraged to limit the production and shall be considered when determining whether to

16  shift costs for disproportionate discovery. Should a party serve email production requests with

17  search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this

18  paragraph, this shall be considered in determining whether any party shall bear all reasonable costs

19  caused by such additional discovery.

20     12.    Nothing in this Order prevents the parties from agreeing to use technology assisted

21  review and other techniques insofar as their use improves the efficacy of discovery. Such topics

22  should be discussed pursuant to the District's E-Discovery Guidelines.

23     **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

24  Dated: June 21, 2016              TROUTMAN SANDERS LLP

25

26                      By: */s/ Charanjit Brahma*
                            Charanjit Brahma
27                          Attorneys for Plaintiff
                            International Test Solutions, Inc.
28

TROUTMAN SANDERS LLP
580 CALIFORNIA STREET, SUITE 1100
SAN FRANCISCO, CA 94104

28567565                    - 2 -          STIPULATION AND ORDER RE:
                                           ELECTRONIC DISCOVERY
                                           CASE NO.  3:16-CV-00791-RS

1   Dated: June 21, 2016                          BARNES & THORNBURG LLP

2

3                                         By: /s/ Roya Rahmanpour

4                                             Thomas J. Donovan
                                              Roya Rahmanpour
5                                             Attorneys for Defendants
                                              Mipox International Corporation and MGN
6                                             International, Inc.

7                          **CONCURRENCE IN FILING**

8       I, Charanjit Brahma, hereby attest that the concurrence to the filing of this document has

9   been obtained from each signatory hereto.

10

11  Dated: June 21, 2016              /s/ Charanjit Brahma
                                      Charanjit Brahma
12

13        **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

14

15  Dated: 6/21/16

16                                    Richard Seeborg
                                      UNITED STATES DISTRICT JUDGE
17

18

19

20

21

22

23

24

25

26

27

28

TROUTMAN SANDERS LLP
580 California Street, Suite 1100
San Francisco, CA 94104
28567565                        - 3 -                STIPULATION AND ORDER RE:
                                                     ELECTRONIC DISCOVERY
                                                     CASE NO.  3:16-CV-00791-RS